I concur in Parts II and III of the main opinion. However, for the following reasons, I concur only in the result as to Part I.
As the main opinion correctly notes, the United States Supreme Court, in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354,158 L.Ed.2d 177 (2004), made a significant departure from its previous interpretation *Page 921 
of the Confrontation Clause, as set out in Ohio v. Roberts,448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). However, without dwelling on every aspect of the Supreme Court's decision, I note that there are two questions that, at least in my view, are not clearly answered in the Crawford opinion: 1) What is the exact distinction between a "testimonial" and a "nontestimonial" statement? and 2) Did the Court's holding in White v. Illinois,502 U.S. 346, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992) (that the Confrontation Clause has some field of operation in cases involving non-testimonial evidence), survive the Crawford
decision?
With respect to the first question, I note that although the United States Supreme Court gave several specific examples of testimonial evidence,[7] and suggested that business records, by their nature, may not constitute such evidence, the Court did not specifically address statements made by a medical examiner in an autopsy report prepared in anticipation of a criminal prosecution. The Court did state that the fact that a statement was not made under oath or in traditional testimony form is not dispositive in characterizing it as either testimonial or nontestimonial. The Court further noted:
 "The text of the Confrontation Clause reflects this focus. It applies to `witnesses' against the accused — in other words, those who `bear testimony.' 1 N. Webster, An American Dictionary of the English Language (1828). `Testimony,' in turn, is typically `[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact.' Ibid. An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not. The constitutional text, like the history underlying the common-law right of confrontation, thus reflects an especially acute concern with a specific type of out-of-court statement.
 "Various formulations of this core class of `testimonial' statements exist: `ex parte in-court testimony or its functional equivalent — that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially,' Brief for Petitioner 23; `extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions,' White v. Illinois, 502 U.S. 346, 365, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992) (THOMAS, J., joined by SCALIA, J., concurring in part and concurring in judgment); `statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial,' Brief for National Association of Criminal Defense Lawyers et al. as Amici Curiae 3. These formulations all share a common nucleus and then define the Clause's coverage at various levels of abstraction around it. Regardless of the precise articulation, some statements qualify under any definition — for example, ex parte testimony at a preliminary hearing." *Page 922 
Crawford, 124 U.S. at 51-52, 124 S.Ct. at 1364.
With respect to the second question, I note that the Court stated:
 "Although the results of our decisions have generally been faithful to the original meaning of the Confrontation Clause, the same cannot be said of our rationales. [Ohio v.] Roberts [, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980),] conditions the admissibility of all hearsay evidence on whether it falls under a `firmly rooted hearsay exception' or bears `particularized guarantees of trustworthiness.' 448 U.S., at 66, 100 S.Ct. 2531. This test departs from the historical principles identified above in two respects. First, it is too broad: It applies the same mode of analysis whether or not the hearsay consists of ex parte testimony. This often results in close constitutional scrutiny in cases that are far removed from the core concerns of the Clause. At the same time, however, the test is too narrow: It admits statements that do consist of ex parte
testimony upon a mere finding of reliability. This malleable standard often fails to protect against paradigmatic confrontation violations.
 "Members of this Court and academics have suggested that we revise our doctrine to reflect more accurately the original understanding of the Clause. See, e.g., Lilly[v. Virginia], 527 U.S. [116] 140-143, 119 S.Ct. 1887, 144 L.Ed.2d 117 [(1999)] (BREYER, J., concurring); White[v. Illinois], 502 U.S. [346] at 366, 112 S.Ct. 736, 116 L.Ed.2d 848
[(1992)] (THOMAS, J., joined by SCALIA, J., concurring in part and concurring in judgment); A. Amar, The Constitution and Criminal Procedure 125-131 (1997); Friedman, Confrontation: The Search for Basic Principles, 86 Geo. L.J. 1011 (1998). They offer two proposals: First, that we apply the Confrontation Clause only to testimonial statements, leaving the remainder to regulation by hearsay law — thus eliminating the overbreadth referred to above. Second, that we impose an absolute bar to statements that are testimonial, absent a prior opportunity to cross-examine — thus eliminating the excessive narrowness referred to above.
 "In White, we considered the first proposal and rejected it. 502 U.S., at 352-353, 112 S.Ct. 736. Although our analysis in this case casts doubt on that holding, we need not definitively resolve whether it survives our decision today, because Sylvia Crawford's statement is testimonial under any definition. This case does, however, squarely implicate the second proposal."
Crawford, 541 U.S. at 60-61, 124 S.Ct. at 1369-70.
With these questions on the table, and necessarily with little guidance, the majority holds that the statements made by the medical examiner in the autopsy report are nontestimonial and, therefore, that the holding in Crawford has no application. However, even assuming that the majority has guessed correctly as to whether the medical examiner's statements are nontestimonial,[8] the question remains whether *Page 923 
the Confrontation Clause has any field of operation. Recognizing that the Crawford Court only signaled the apparent impending demise of White v. Illinois, supra, leaving a possible death blow for a future decision, it nonetheless appears to me that this Court's finding of error in the admissibility of the autopsy report is inconsistent with the Supreme Court's basic holding inWhite — that a statement that qualifies for admission under a "firmly rooted" hearsay exception is so trustworthy that adversarial testing can be expected to add little to its reliability. The majority does not hold that the business-records exception to the hearsay rule is not "firmly rooted"; therefore, I question the majority's conclusion that admission of the report was error.
However, I find it unnecessary to determine in this case whether the autopsy report was testimonial or nontestimonial in nature and whether the admission of the report was error. I agree with the majority that if there was any error in admitting the autopsy report, that error was harmless beyond a reasonable doubt.
[7] The Court stated:
 "We leave for another day any effort to spell out a comprehensive definition of `testimonial.' Whatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations. These are the modern practices with closest kinship to the abuses at which the Confrontation Clause was directed."
Crawford, 541 U.S. at 68, 124 S.Ct. at 1374 (footnote omitted).
[8] Justice Rehnquist, concurring in the judgment inCrawford, noted:
 "But the thousands of federal prosecutors and the tens of thousands of state prosecutors need answers as to what beyond the specific kinds of `testimony' the Court lists, see ibid., is covered by the new rule. They need them now, not months or years from now. Rules of criminal evidence are applied every day in courts throughout the country, and parties should not be left in the dark in this manner."
541 U.S. at 75-76, 124 S.Ct. at 1378. My remarks in this special writing are in no way intended to be critical of the majority's attempt to extrapolate on the Crawford decision. *Page 924